United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNDELL HENDERSON,
Plaintiff,

v.

LYNDA GLEDILL, et al.,
Defendants.

Case No. 26-cv-07146-NW

**ORDER TRANSFERRING MATTER TO EASTERN DISTRICT OF CALIFORNIA**

Re: ECF No. 4

Before Plaintiff Johndell Henderson, a state prisoner proceeding *pro se*, filed the instant civil rights complaint challenging the deduction of funds to fulfill his restitution order to the California Victim Compensation Board. *See* ECF No. 1. Henderson also filed an application to proceed *in forma pauperis*. *See* ECF No. 4. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **TRANSFERS** this matter to the Eastern District of California.

## I. BACKGROUND

Henderson alleges that several Defendants, including Lynda Gledill (Executive Officer and Agency Director of the California Victim Compensation Board) and current and former Directors of the California Department of Corrections and Rehabilitation ("CDCR") Connie Gibson, Ralph Diaz, Kathleen Allison, Jeff Macomber, and Gena Jones, conspired to withdraw funds from his inmate account to pay for a restitution order despite limitations on withdrawal of funds imposed by California Penal Code § 2085.5(b) at the time Henderson was convicted in 1997.[1] Henderson concedes that restitution orders were filed in Los Angeles County Superior Court Case

[1] All allegations in this section are from the Complaint. *See* ECF No. 1.

Nos. SA025061 and BA109513, but states that the alleged victims, Feldmar Watch Company and United National Bank, never filed a claim with the California Victim Compensation Board, and that CDCR officials were therefore not entitled to withdraw their restitution payments from his prison trust account.

Specifically, Henderson alleges that from 2009 to 2026, unspecified amounts of money were deducted from Henderson's prison trust account and transferred to the California Victim Compensation Board. In 2020, CDCR allegedly withdrew $20,000 from Henderson's account after he received a settlement pursuant to a case he filed against Salinas Valley State Prison staff. In addition, CDCR took a ten percent administrative fee from the payments. The funds paid to the California Victims Compensation Board were later refunded to Henderson. The Complaint does not specify the amount taken by CDCR or whether Henderson has requested a refund of those funds.

In addition, Henderson alleges that counselors pressured him to use wages from his work to satisfy his restitution orders.

## II. LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

## III. ANALYSIS

Before the Court may reach the substance of Henderson's Complaint, it must assess whether venue is proper in this district. When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

Here, Henderson does not indicate that any of the named Defendants are located within the Northern District of California. To the contrary, Henderson seeks injunctive relief against Defendants in their official capacities, and the Court is informed that the California Victim Compensation Board and CDCR headquarters are both located in Sacramento, which is in the

Eastern District of California.[2] *See* 28 U.S.C. § 84(b). Moreover, Henderson does not allege that any of the events—let alone a substantial part—occurred within this district. Rather, Henderson's Complaint shows that the withdrawals occurred between 2009 and 2026—while he was housed in different correctional institutions.[3] Henderson also alleges that the withdrawals occurred because he signed, while housed in North Kern State Prison in the Eastern District of California, a document giving the Director of CDCR permission to deposit and collect funds in his prison trust account. In sum, Henderson does not provide any information suggesting that venue is proper in this judicial district rather than the Eastern District of California, where Defendants are located and allegedly undertook the challenged actions in the course of their employment. 28 U.S.C. § 1391(b)(1), (b)(2).

As the Court has no basis to conclude that venue is appropriate in this district, the Court may either dismiss this matter without prejudice or transfer the case to the appropriate venue. Because Henderson appears to raise arguable Takings Clause and Ex-Post-Facto Clause claims in connection with the withdrawals of funds from his trust account, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is **TRANSFERRED** to the United States District Court for the Eastern District of California. *See, e.g., Moyer v. Tilton*, No. CIV S-03-1350 FCD DAD P, 2008 WL 483718, at *7–8 (E.D. Cal. Feb. 20, 2008) (finding cognizable claim under Takings Clause where prisoner challenged ten percent administrative fee applied to restitution payments), *overruled on other grounds in Knick v. Township of Scott, Penn.*, 588 U.S. 180 (2019); *Moyer v. Alameida*, 184 Fed. App'x 633, 636–38 (9th Cir. 2006) (holding that prisoner convicted in 1987 stated colorable Ex Post Facto Clause claim regarding application of 1994 amendment to

---

[2] The Court takes judicial notice of the locations of the California Victim Compensation Board and CDCR headquarters. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities . . . ."); *see also* California Victim Compensation Board, *Subpoena and Summons Submission*, accessed November 16, 2026, at https://victims.ca.gov/legal/subpoena-summons-submission/ (listing address in Sacramento, California); *Holman v. Cal. Dep't of Corr. and Rehabilitation*, No. 26-cv-1690-AC, 2026 WL 1470683, at *1 (E.D. Cal. May 26, 2026) ("CDCR is headquartered in Sacramento").

[3] Henderson does not challenge the validity of the restitution order, just its enforcement given the victims' failure to file claims.

California Penal Code § 2805.5 where application of law resulted in increase to restitution payments).

**IV. CONCLUSION**

The Clerk is requested to transfer the matter, terminate all pending motions, and close the file.

**IT IS SO ORDERED.**

Dated: November 17, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California